IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **JASON JOHNSON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No. 5:25-cv-558-TES-CHW** |
| | : | |
| **WARDEN GREGORY SAMPSON,** | : | |
| *et al.*, | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

## ORDER

Pending before the Court is the Complaint of *pro se* Plaintiff Jason Johnson, an inmate in the Macon State Prison in Oglethorpe, Georgia, seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1). Plaintiff has also moved for leave to proceed *in forma pauperis* ("IFP") (ECF No. 2). For the following reasons, Plaintiff's motion to proceed IFP is **GRANTED**, but he is **ORDERED** to pay an initial partial filing fee and to amend or supplement his Complaint to explain how he has exhausted his administrative remedies if he wishes to proceed with this action.

### MOTION TO PROCEED IN FORMA PAUPERIS

Plaintiff moves for leave to proceed without prepayment of the full filing fee in this case. A review of Plaintiff's submissions demonstrates that Plaintiff is presently unable to pay the cost of commencing this action. Plaintiff's pending motion to proceed IFP (ECF No. 2) is therefore **GRANTED.** Even if a prisoner is allowed to proceed IFP, however, he must still pay the full amount of the $350.00 filing fee in installments based

on funds in the prisoner's account.   When a prisoner has funds in his account, he must pay an initial partial filing fee of twenty percent of the greater of (1) the average monthly deposits to the prisoner's account, or (2) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint.   28 U.S.C. § 1915(b)(1).   A review of Plaintiff's prison trust fund account statement shows he has had average monthly deposits of $42.48 to his account over the last six months, and he presently has a positive balance in his account.   ECF No. 4 at 1.   Twenty percent of $42.48 is $8.50.   Plaintiff is therefore **ORDERED** to pay an initial partial filing fee of $8.50.

Following payment of the initial partial filing fee, money will be deducted from Plaintiff's account until the filing fee ($350.00) is paid in full as set forth in § 1915(b) and explained below.   It is accordingly **DIRECTED** that the **CLERK** forward a copy of this **ORDER** to the business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee.   The district court's filing fee is not refundable, regardless of the outcome of the case, and must therefore be paid in full even if the Plaintiff's complaint (or any part thereof) is dismissed prior to service.

I.      Directions to Plaintiff's Custodian

It is hereby **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the Clerk of this Court twenty percent (20%)

2

of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full.  In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.  It is further **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit (or any part thereof) or the granting of judgment against him prior to the collection of the full filing fee.

II.    <u>Plaintiff's Obligations on Release</u>

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA.  In the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated.  Collection from Plaintiff of any balance due on these payments by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit such payments.  Plaintiff's Complaint is subject to dismissal if he has the ability to make such payments and fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

Plaintiff has **FOURTEEN (14) DAYS** from the date shown on this Order to pay a partial filing fee of $8.50.  If circumstances have changed and Plaintiff cannot pay the

3

initial partial filing fee as ordered, Plaintiff should file a renewed motion for leave to proceed *in forma pauperis*, accompanied by an updated prison trust fund account statement, explaining such change in circumstances within **FOURTEEN (14) DAYS** of the date of this Order.

While Plaintiff's custodian is ordered herein to make subsequent payments on Plaintiff's behalf, Plaintiff should note that it is **HIS RESPONSIBILITY** to pay the initial partial filing fee.   Thus, Plaintiff must make arrangements with the appropriate official to ensure that the initial partial filing fee is paid in accordance with this order.   Thereafter, Plaintiff's custodian shall remit monthly payments as set forth above.

### ORDER TO AMEND OR SUPPLEMENT COMPLAINT

The PLRA requires the Court to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee.   *See* 28 U.S.C. § 1915A(a).   Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP.   Both statutes apply in this case and require the Court to dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."   28 U.S.C. §1915A(b).

Plaintiff alleges he suffers from stage 4 liver cancer.   ECF No. 1 at 5.   He contends he is "receiving NO treatment or medication."   *Id.*   He states he "do[es] not even know the liver specialist that has told [him] that if [he] don't receive a transplant—SOON— [he'll] be dead."   *Id.*   Plaintiff has named as Defendants in this case Warden Gregory

Sampson and Georgia Department of Corrections Commissioner Tyrone Oliver.   ECF No. 1 at 1; ECF No. 1-3 at 4.   Plaintiff seeks an order directing prison officials to provide him with "immediate, adequate and appropriate medical treatment for [his] condition."   ECF No. 1 at 6.

A review of Plaintiff's complaint suggests that Plaintiff did not fully exhaust his administrative remedies before he filed this action.   42 U.S.C. § 1997e(a) provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   Georgia provides a grievance procedure for its inmates, and thus a Georgia "inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit."   *Varner v. Shepard*, 11 F.4th 1252, 1257 (11th Cir. 2021) (internal quotation marks and citations omitted).   The inmate must also properly exhaust as a precondition to filing suit.   *Id.* at 1260.   This means that the inmate "must properly take each step within the administrative process," including any appeals that are a part of that process.   *See id.* (citation omitted).

Although failure to exhaust is an affirmative defense, dismissal of a complaint is warranted under the screening process set out in 28 U.S.C. § 1915A when it appears clear "on the face of the complaint" that the plaintiff failed to exhaust all available administrative remedies prior to filing suit in federal court and thereby cannot state a claim for relief.   *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011); *see also Wells v. Brown*, 58

F.4th 1347, 1356 (11th Cir. 2023).   In this case, Plaintiff states that his grievances concerning his medical treatment are "still pending."   ECF No. 1 at 3.   It thus appears plain from the face of the Complaint that Plaintiff has not fully exhausted his administrative remedies.   If Plaintiff wishes to proceed with this action, he must therefore supplement or amend his Complaint within **FOURTEEN (14) DAYS** of the date of this Order to provide additional factual information about any steps he took to exhaust his administrative remedies prior to filing this case.   Plaintiff should ensure that the case number for this case appears on his amendment.

## CONCLUSION

To reiterate, Plaintiff's motion to proceed IFP (ECF No. 2) is **GRANTED**, and Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this order to (1) pay the initial partial filing fee or file a renewed motion for leave to proceed *in forma pauperis* and (2) amend or supplement his Complaint as set forth above.   **Failure to fully and timely comply with this Order will result in the dismissal of Plaintiff's Complaint.**   Plaintiff is also reminded of his obligation to notify the Court in writing of any change in his mailing address.   There shall be no service of process until further order of the Court.

**SO ORDERED**, this 2nd day of March, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge